UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:14-cr-0070-SEB-DML |
| | ) | |
| JOHNNY HILL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On September 18, 2020, June 23, July 29, September 17, and October 14, 2021, the Court

held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on

August 20, 2020.  Defendant Hill appeared in person with his appointed counsel Dominic

Martin.  The government appeared by Michelle Brady, Assistant United States Attorney.  U. S.

Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P.

32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Hill of his rights and provided him with a copy of

the petition.  Defendant Hill orally waived his right to a preliminary hearing.

2.      A contested hearing was held on October 14, 2021.  Testimony and evidence

proffered.  Arguments presented.  In regards to violation number 1, the Court found the

government did not meet its burden of proof and found Defendant Hill not guilty.  In regards to

violation number 2, the Court found the government did meet its burden of proof and found

Defendant Hill guilty.

3.      The allegation to which Defendant was found guilty, Violation Number 2, as fully

set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month."** |
| | Mr. Hill failed to report for urine testing on March 27, April 15, 22, May 13, June 4, 24, July 16, and 29, 2020. |

4.      The parties stipulated that:

(a)     The highest grade of violation is a Grade C violation.

(b)     Defendant's criminal history category is V.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

5.      The government recommended a sentence above the guideline range of sixteen

(16) months with no supervised release to follow.  Defendant's counsel argued for a sentence of

eight (8) months with no supervised release to follow.  Defendant requested placement at FCM

Lexington.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more

fully set forth on the record, finds that the Defendant violated  Violation Number 2, that his

supervised release should be revoked, and that he should be sentenced to the custody of the

Attorney General or his designee for a period of thirteen (13) months with no supervised release

to follow/with supervised release to follow.   The Magistrate Judge will recommend placement at

FMC Lexington.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Date:  10/15/2021

*Paul R. Cherry*

Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system